# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| IVAN EMIL WRIGHT-CEPEDA, § § *Plaintiff*, § § v. § § UNITED STATES OF AMERICA, § PETE GEREN, Secretary of the Army, THE § DEPARTMENT OF THE ARMY, and § GEORGE B. KEMPER, § § *Defendants*. § | Civil Action No. SA-09-CV-441-XR Consolidated with Civil Action No. SA-09-CV-405-XR |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

On this date, the Court considered Defendants' motion to dismiss, challenging the subject matter jurisdiction of the Court on this matter. (Docket Entry No. 10.) Plaintiff Ivan Emil Wright-Cepeda has failed to respond to the motion. The motion to dismiss is GRANTED, and the Clerk is instructed to close this case.

Mr. Wright-Cepeda's action against George B. Kemper, Pete Geren, Secretary of the Army, the Department of the Army, and the United States, for libel, slander, and defamation is DISMISSED for failure to exhaust administrative remedies with the proper federal agency, the United States Army Claims Service, as required by the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, depriving this Court of subject matter jurisdiction.

## Factual and Procedural Background

Plaintiff Ivan Emil Wright-Cepeda filed suit against Defendants George B. Kemper, Pete Geren, Secretary of the Army, the Department of the Army, and the United States, (hereinafter, "Defendants") for libel, slander, and defamation, seeking actual damages, exemplary damages, pre-

and post-judgment interest, as well as fees and costs associated with this lawsuit.

Mr. Wright-Cepeda alleges that Defendant George B. Kemper has severely and permanently injured his reputation. (Compl. ¶ IX.) Mr. Wright-Cepeda allegedly submitted several job applications prior to the filing of this suit but had not been selected for employment with any of the prospective employers despite being referred to as "highly qualif[ied]." (*Id.* ¶ XIII.) He claims that the reason for this difficulty in obtaining employment is due to a set of defamatory statements written by George B. Kemper, which Mr. Wright-Cepeda obtained via the Freedom of Information Act, 5 U.S.C. § 552. (*Id.* ¶ II.) The alleged defamatory statements are found on a "Referral List Candidate Selection" document written by Defendant George B. Kemper on May 21, 2008. (*See id.* attach.) The alleged defamatory statements read: "Mr. Ivan Wright-Cepeda is completely unqualified to fill a position within this Branch. As enlisted instructor here for about nine months, he was relieved from his teaching duties due to incompetency." (*Id.*) Plaintiff claims that because these statements are available to any potential employer as a result of them being a published record available by the Freedom of Information Act, that Defendant George B. Kemper exposed Wright-Cepeda to public hatred, contempt, ridicule, financial injury, and impeached his honesty and integrity—all of the elements consistent with statutory libel. (*See id.* ¶ II.)

Mr. Wright-Cepeda filed a lawsuit against Defendant George B. Kemper in the 166th Judicial District Court in Bexar County, Texas, on May 4, 2009.[1] He also filed a lawsuit against Mr. Kemper in the United States District Court for the Western District of Texas—San Antonio Division on May

---

[1] Plaintiff's Original Petition is attached as an exhibit to Defendant's Notice of Removal. (*See* Def.'s Notice of Removal ex. (June 1, 2009) [Docket Entry No. 1].)

20, 2009.[2] On June 1, 2009, counsel for Mr. Kemper filed a Notice of Removal. On June 19, 2009, counsel for Mr. Kemper filed a motion to consolidate the removed case with the existing federal case. (Def.s' Mot. to Consolidate Similar Cases (June 19, 2009) [Docket Entry No. 7].) On July 7, 2009, the motion to consolidate these essentially identical cases was granted, and it was ordered that the case would proceed as Civil Action No. SA-09-CA-0441-XR. (Order (July 7, 2009) [Docket Entry No. 8].) On July 30, 2009, Defendants filed a motion to dismiss, along with a memorandum in support, invoking Rule 12(b)(1) of the Federal Rules of Civil Procedure, alleging that this Court lacks subject matter jurisdiction. (Def.s' FRCP 12(b)(1) Mot. to Dismiss & Mem. in Supp. (Jul. 30, 2009) [Docket Entry No. 10] ("Mot.").) Defendants allege that because Plaintiff failed to exhaust administrative remedies available prior to filing this lawsuit, that this court lacks jurisdiction over the case. (Mot. at 4–5.)

**Standard of Review**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party can seek dismissal of an action for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). When a Rule 12(b)(1) motion is accompanied by supporting evidence, as in this case, a Rule 12(b)(1) motion challenging the Court's jurisdiction is a "factual attack." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A plaintiff responding to a factual attack on the court's jurisdiction generally bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Id*.

---

[2]*Wright-Cepeda v. Kemper*, No. SA-09-CV-405-XR (W.D. Tex. May 20, 2009).

**Analysis**

Under the Westfall Act, 28 U.S.C. § 2679, an employee of the United States is provided absolute immunity from individual suit for common law torts while acting within the scope of his or her employment. Mr. Wright-Cepeda brings his claim against George B. Kemper. In their motion to dismiss, Defendants declare that Mr. Kemper is employee at the Army Medical Department Center and School at Fort Sam Houston, Texas. As an employee of the United States, Mr. Kemper was acting within the scope of his employment when he wrote the evaluation of Plaintiff in which he made the alleged defamatory statements.

Mr. Wright-Cepeda also names Secretary of Defense Pete Geren as a party to this suit. There are no facts provided to indicate how Secretary Geren impacted this case. To the extent that the Secretary is being sued for fulfilling his duties as Secretary of the Army, his actions are within the scope of his duties in relation to this matter. Therefore, both George B. Kemper and Pete Geren are dismissed from this suit.

Additionally, the United States Army cannot be a party to this lawsuit. A federal agency cannot be sued *eo nomine* unless statutorily authorized, and this authority is not given in the Federal Torts Claims Act. *See Blackmar v. Guerre*, 342 U.S. 512, 514 (1952); *cf. Taylor v. Administrator of Small Business Admin.*, 722 F.2d 105, 108–09 (5th Cir. 1983). Under the Federal Torts Claims Act ("FTCA") no action shall be instituted "against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have finally been denied by the agency in writing and sent by certified or registered

mail." Federal Torts Claims Act, 28 U.S.C. § 2675. The disposition of a claim by a federal agency is a prerequisite to a case being filed against the United States in federal district court. *Jackson v. Widnall*, 99 F.3d 710, 716 n.10 (5th Cir.1996) (upholding district court's dismissal of Plaintiff's claims for failure to exhaust administrative remedies); *Shah v. Quinlin*, 901 F.2d 1241, 1244 (5th Cir. 1990) ("The district court clearly can dismiss a complaint for failure to exhaust administrative remedies."); *Radar Solutions, Ltd. v. FCC*, 628 F. Supp. 2d 714, 725 (W.D. Tex. 2009).

The proper agency for Mr. Wright-Cepeda to have filed an administrative claim in this case is the United States Army Claims Service, since Defendant George B. Kemper is an employee of the United States Army. The Code of Federal Regulations gives authority to the United States Army Claims Service to process and settle cognizable claims arising under the FTCA against an employee of the United States acting within the scope of his or her employment. 32 C.F.R. § 532.2 (2007).

Defendants have shown that Mr. Wright-Cepeda did not, prior to instigating this suit, file a claim with the United States Army Claims Service. Decl. of Lorenzo Ferguson, Chief, Operations and Records Branch, U.S. Army Claims Service (June 5, 2009) (Mot. ex. 1.). Defendants provide a sworn declaration that as of June 5, 2009, no claim has been filed by Ivan Emil Wright-Cepeda with the United States Army Claims Service. Mr. Wright-Cepeda has failed to file a response to this motion to dismiss, and in not doing so, has failed to prove by a preponderance of the evidence that this Court has subject matter jurisdiction. Since he did not file a claim with the United States Army Claims Service, he failed to exhaust his administrative remedies as required by the FTCA. Therefore, this case must be dismissed due to lack of subject matter jurisdiction.

**Conclusion**

Defendants' motion to dismiss (Docket Entry No. 10) pursuant to Rule 12(b)(1) is GRANTED. Plaintiff's libel, slander, and defamation claims are DISMISSED for failure to exhaust administrative remedies with the United States Army Claims Service, and for lack of subject matter jurisdiction. The Clerk is instructed to close this case.

It is so ORDERED.

SIGNED this 17th day of September, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE